

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

SHERON B. DOSS, §
§
Plaintiff, §
§ Civil No. 3:15-0904
§ Judge Aleta A. Trauger
§ Twelve Person Jury Demand
v. § Magistrate Judge John S. Bryant
§
NORDSTROM, INC., N.A., et al., §
§
Defendants. §

## MOTION FOR REVIEW DUE TO THE UNITED STATES MAGISTRATE JUDGE'S FAILURE TO FILE REPORT AND RECOMMENDATIONS IN A TIMELY MANNER AND CONFLICT OF INTEREST IN REPRESENTATION BY FIRM WALLER, LANDENS, DORTCH & DAVIS, LLP

**(Expedited Briefing Schedule Respectfully Requested)**

**(Hearing Requested)**

The Plaintiff, Sheron B. Doss, pursuant to Rule 72, (a) of the Federal Rules of Civil Procedures, clearly states a when a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must **promptly** conduct the required proceedings and, when appropriate, issue a written order stating the decision.

*(1) Findings and Recommendations.* A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial

1

matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.

> *(2) Objections.* Within 14 days after being served with a copy of the recommend disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

Plaintiff, Sheron B. Doss contends records in this matter will show the last entry by the Magistrate, John S. Bryant, on or December 31, 2015, therefore approximate 87 days or more have expired and no Report and Recommendations have been issued by the Magistrate Judge.

(1.) Plaintiff respectfully requests that the Honorable District Court Judge issue the findings and issue a Report and Recommendation or in the alternative, issue a <u>Summary Judgment</u> as requested by Plaintiff December, 2015, after thorough review and make award to Plaintiff which this Honorable Court deems appropriate.

(2.) Plaintiff further contends during the course of this matter several

2

very unusual occurrences were/are apparent in reference to filing of motions. The timing and processing of motions, the differentials and manner in which motions were reviewed and clearly were based upon which actual party was filing the response and how the responses were handled. If you were the defendants, your responses were ruled on within 24hours and immediately granted, while if you were the plaintiffs the timing and responses were different.

(3.)     Plaintiff respectfully requests that the Court grant Plaintiff's Motion for a Hearing regarding this Motion, which will be filed separately in this cause.

(4.)     Plaintiff respectfully requests that this Honorable Court remove the above law firm of WALLER, LANDENS, DORTCH & DAVIS,LLP, from further representation of the defendants because Mr. Waverly Crenshaw, is and was the federal nominee for appointee for this honorable court at the time this case was accepted for the firm.  The firm and Mr. Crenshaw knew and should have known of the obligation(s) of Judges should maintain the dignity of judicial office at all times, and should avoid both impropriety and the appearance of impropriety in their professional and personal lives. They should aspire at all times to conduct that ensure the greatest possible public confidence in their independence, impartiality, integrity, and competence; this would certainly be true at the U.S. Federal District Level.  He should have been mindful of the imposition this matter would place on the Court and his involvement and representation, especially *"without"* by all the parties.

Plaintiff respectfully submits further records will show Mr. Waverly Crenshaw, as an active partner, specifically had responsibilities of supervising litigation involving

3

employment discrimination. Therefore he most certainly should have recused himself from active involvement of any kind involving this matter and/or promptly brought this to the attention of this Honorable Court. "We do not know whether he was directly involved day-to-day in the Nordstrom litigation", but, we do know nothing was done to alert the Court or to alert the opposing party to address this matter. Further he should have also brought this to the Court's attention, especially his previous involvement with the Plaintiff, her late, wheelchair-bound, husband and her daughter, when he was a representative of University School of Nashville. The Plaintiff's young daughter had been racially threatened by students at the school, so much so one of the students and her family sent her to France for one year, rather than requiring her writing an apology for her action, which was actually done upon her return one year later. Records are available some through the juvenile division of the DA's office. Therefore this prior involvement should have been brought to the attention of this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Honorable Court:

(1.) will Review the case, in its entirety; and

(2.) issue Findings and Recommendations, and/or issue a Summary Judgment in the matter; and

(3.) review overall case management and seek better equity in how motions are denied and granted; and the development of a process where all motions will be given, at least the appearance of being given the same amount of time of review and follow through forward, especially in this matter; and

4

(4.) Remove the law firm of Waller, Lansden, Dortch and Davis, LLP from representation due to the apparent conflict of interest; and

(5.) award any other relief this Honorable Court deems appropriate in this matter.

Respectfully submitted,

*Sheron B. Doss*

Sheron B. Doss, Plaintiff
P.O. Box 128014
Nashville, TN 37212
(615) 662-2213 Fax (615) 646-1151
sdoss01@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 29th day of February, 2016, have forwarded a true and complete copy of the foregoing Motion for Review and Conflict of Interest in Representation to the following attorney:

Mr. Robert E. Boston, Attorney at Law
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street
Suite 2700
Nashville, TN 37219-8966

Ms. Brittany R. Stancombe, Attorney at Law
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street
Suite 2700
Nashville, TN 37219-8966

*Sheron B. Doss*

Sheron B. Doss, Plaintiff
Pro Se

5