**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE**

| | | |
|---|---|---|
| **SHERON B. DOSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:15-cv-00904** |
| | ) | **Judge Aleta A. Trauger** |
| **NORDSTROM, INC, N.A., et al.,** | ) | **Magistrate Judge John S. Bryant** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR MISCELLANEOUS RELIEF

---

#### I.      Introduction

Defendants have moved the Court to enter an Order directing the Clerk to correct the record, striking Docket Entry No. 54. The grounds therefore are set out on the face of that Motion.

#### II.      Relevant Factual Background

This is a single Plaintiff employment lawsuit, filed on August 19, 2015 alleging race discrimination in violation of Title VII. See Docket Entry No. 1. Since that time, Defendants have moved to compel arbitration pursuant to a written agreement signed by Plaintiff. Docket Entry Nos. 18-19. Meanwhile, Plaintiff has filed a motion for default after Defendants moved to compel arbitration (Docket Entry No. 15), the default being denied, a motion for permission to submit interrogatories (Docket Entry No. 34), a motion for summary judgment (Docket Entry No. 35), a motion for "review" and a request for recusal asking that Defendants' counsel be disqualified from the case (Docket Entry No. 43), and presumably was complicit in or

4812-2843-9348.1

orchestrated on her behalf, the subject of this Motion, Docket Entry No. 54, which is a "Letter of Support and Concern" from a constituency group the NAACP. Docket Entry No. 54, mailed to the Court directly by a Mr. Walter Searcy, was not filed by Plaintiff, who is proceeding *pro se*. See Docket Entry No. 54. The letter was not invited by the Court, not an amicus curiae brief or a response to any motion. It is not a "pleading" under Fed. R. Civ. P. 7(a). Defendants have no idea as to its intended purpose, and it should not be part of the official record herein. The NAACP's "letter of support," assuming it wrote it, contains improper character bolstering, offers an improper opinion on questions of fact and law, and provides irrelevant and potentially prejudicial editorial regarding the NAACP's "opinion" on Defendant Nordstrom, Inc.'s treatment of its employees, none of which would be admissible evidence through the NAACP even if accurate — which it is not.

### III. Legal Analysis

#### A. Docket Entry No. 54 is Not a Pleading.

Fed. R. Civ. P. 7(a) details the certain pleadings that are permitted in a civil action: "a complaint; an answer to a complaint, an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer." Motions and Memoranda in Support are also permitted. See Fed. R. Civ. P. Docket Entry No. 54 does not fall under any of these. Docket Entry No. 54 is ostensibly a letter written by a third party advocacy group with no stake or standing in the lawsuit, speaking its viewpoint of Plaintiff's accolades and the contrary toward Defendants. This Court has acknowledged it is not required to and should not consider documents that do not comply with the rules. See, e.g., Johnson v. Metro. Gov't, 2008 U.S. Dist. LEXIS 59663, *21 (M.D. Tenn. Aug. 4, 2008) (Trauger, J.) (declining to consider

2

information presented for the first time in plaintiff's reply in opposition to motion to dismiss because it was not a pleading); Wells Fargo Bank v. Fields, 2013 U.S. Dist. LEXIS 154196, *6 (W.D. Tenn. Oct. 28, 2013) (denying Defendant's notice of removal because it did not comply with the rules and did not constitute a proper pleading under Fed. R. Civ. P. 7(a)); Powers v. NWA, Inc., 2006 U.S. Dist. LEXIS 19401, *5, n. 5 (W.D. Tenn. Apr. 13, 2006) (noting that the Court was not inclined to review all of the various documents submitted by Plaintiff because they were not pleadings under Fed. R. Civ. P. 7(a)); United States v. City of Detroit, 280 F.R.D. 312, 330( E.D. Mich. 2012) (emphasizing only certain "pleadings" are permitted by Fed. R. Civ. P. 7(a), noting that a motion to intervene under Fed. R. Civ. P. 24 must be accompanied by a pleading, and holding that failure to submit a pleading to accompany motion to intervene did not weigh in favor of intervention); Dearing v. Institutional Inspector Mahalma, 2011 U.S. Dist. LEXIS 94824, *17-19 (S.D. Ohio Aug. 24, 2011) (declining to consider plaintiff's contemporaneously filed brief of memorandum allegedly in support of plaintiff's complaint because the brief was not a proper pleading).

**B. The Court has the Inherent Authority to Strike Docket Entry No. 54.**

The Court has the inherent authority to control its own docket, such as striking filings, as it sees fit. See, e.g., Johnson v. Metro. Gov't, 2008 U.S. Dist. LEXIS 59663, *21 (M.D. Tenn. Aug. 4, 2008) (striking dispositive motions of both parties as being in violation of local rules and substantively unnecessary and ordering the parties to refile their proposed pretrial orders because the parties' expectations were unreasonable). Even further, this Court has routinely granted motions to strike documents submitted by a plaintiff because they failed to comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court. See, e.g., Vanderbilt Univ. v. Pesak, No. 3:08-1132, 2010 WL 1406622, at *5 (adopting the

3

magistrate judge's report and recommendation to grant defendant's motion to strike the plaintiff's motion for summary judgment because it was untimely); Doe v. Farmer, No. 3:06-0202, 2009 WL 3768906, at *7 (M.D. Tenn. Nov. 9, 2009) (granting defendant's motion to strike a statement in the plaintiff's affidavit because it is inadmissible hearsay). "A court's inherent power is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Bancorp S. Bank v. Herter, 2007 U.S. Dist. LEXIS 10445, *4 (W.D. Tenn. Feb. 7, 2007) (referencing inherent power of the district court); Clark Constr. Group, Inc. v. City of Memphis, 229 F.R.D. 131, 137-38 (W.D. Tenn. 2005) (same) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962) (affirming trial court's *sua sponte* dismissal of Plaintiff's case for lack of prosecution)). This inherent power includes the Court's "power to control and supervise its own proceedings." Smith v. Norwest Fin. Acceptance, 129 F.3d 1408, 1419 (10th Cir. Wyo. 1997).

### C.  Docket Entry No. 54 is Inadmissible Hearsay, Pure Speculation, and Improper Opinion.

Upon review, Docket Entry No. 54 reflects it is nothing more than a conglomeration of someone's or something's inappropriate hearsay, speculation, improper promotion of Plaintiff's character, and irrelevant opinion. See Docket Entry No. 54. Even if its author's letter was an affidavit or declaration of some sort offered in relevant support to one or more of Plaintiff's previous filings, it would be due to be stricken. Fed. R. Civ. P. 56(c)(4) clearly provides, "An affidavit or declaration used to support or oppose a motion must be made on **personal knowledge**, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated" (emphasis added). None of the statements provided by Mr. Searcy have been "subjected to the oath, the rigors of cross-examination, or the first hand scrutiny of the jury." U.S. Steel, LLC v. Tieco, Inc., 261 F.3d

1275, 1287 (11th Cir. 2001) (noting hearsay evidence is disfavored as it can be misleading and unfairly prejudicial); see also Executive Jet, LLC v. AirTran Airways, Inc., No. 3:10-CV-00710, 2013 WL 2250599, at *4 (M.D. Tenn. May 22, 2013) (citing Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir.2009) (noting that hearsay evidence cannot be used to counter a motion for summary judgment and must be disregarded)). Arguments and legal conclusions, even in affidavits, are of no assistance to the Court and should be stricken. See Milne v. Mills, 1985 WL 13294, at *1 (6th Cir. May 29, 1985) (affirming summary judgment against plaintiff and striking affidavit on the basis that "plaintiff did not have personal knowledge of the facts as claimed, that he was not competent to testify as to the matters therein, and that the affidavit strayed far beyond the facts into speculation and argument").

### D.     The Letter's Author Appears to Engage in the Unauthorized Practice of Law.

Defendants are unsure as to what purpose this letter from the NAACP is meant to serve, as it was not filed by Plaintiff, and has been styled in a way that makes it appear to be filed by an attorney. It is styled to look like a pleading, has been signed with a signature block reading "Legal Redress Committee," and represents to the Court that the author has served his filing on counsel for Defendants. See Docket Entry No. 54. Upon review of the author's LinkedIn Account, it represents that he attended law school at Vanderbilt University, practiced law for five years, and is the current "State Chairman [of] Legal Redress" for the NAACP — more than implying that the author is well aware of legal and ethical obligations of acting as an attorney. A copy of the author's publicly available LinkedIn Account is attached as Exhibit A. Searching in the Tennessee Board of Professional Responsibility's website (and calling the Tennessee Board of Professional Responsibility), it confirms the author was once licensed to practice law in Tennessee, but indicates that license to practice law has been suspended. A copy reflecting the

5

same is attached as Exhibit B.  The author is not admitted *pro hac* in this lawsuit for any party requiring that he is in good standing with the bar of another state.  Assuming the letter is intended as a pleading, even if on behalf of an entity that is not a party here, it is unclear as to how the author could practice law in front of the Middle District of Tennessee with a suspended Tennessee license.  Pursuant to Tennessee law, "No person shall engage in the practice of law or do law business, or both, as defined in § 23-3-101, unless the person has been duly licensed and **while the person's license is in full force and effect**, nor shall any association or corporation engage in the practice of the law or do law business, or both."  Tenn. Code Ann. § 23-3-103.  The "practice of law" is defined as the "appearance as an advocate in a representative capacity or the **drawing of papers, pleadings or documents** or the performance of any act in such capacity in connection with proceedings pending or prospective before any court, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies, or the soliciting of clients directly or indirectly to provide such services."  Tenn. Code Ann. § 23-3-101.  Docket Entry No. 54 was submitted, it seems, for some useful purpose in the lawsuit, and was drafted, signed, served, and styled as "Letter of Support and Concern on Behalf of Plaintiff…"  The letter seems to fall squarely within Tenn. Code. Ann. §23-3-101.[1]

### IV.    Conclusion

Docket Entry No. 54 fails to comply with the Federal Rules of Civil Procedure.  It is not a pleading; strays far beyond personal knowledge into the realms of inadmissible hearsay, conjecture, and improper opinion; and appears to have been filed by a suspended lawyer that, seems upon fair reading of Tenn. Code Ann. §23-3-101, engaged in the unauthorized practice of law.  The Court, in its inherent authority, has the power to and should remove Docket Entry 54 from the record.

---

[1] Courtesy copies of unreported cases and Tennessee Code citations are attached as Exhibit C.

6

s/ Brittany R. Stancombe
Robert E. Boston (TN BPR #9744)
Brittany R. Stancombe (BPR #31691)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966
(615) 244-6380 (telephone)
(615) 244-6804 (facsimile)
bob.boston@wallerlaw.com
brittany.stancombe@wallerlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via U.S. Mail and the court's electronic filing system upon the following:

Sheron B. Doss
Pro Se Plaintiff
P.O. Box 128014
Nashville, TN 37212
Phone: (615) 662-2213
Fax: (615) 646-1151
Sdoss01@msn.com

on this the 6th day of July, 2016.

s/ Brittany R. Stancombe