```
                  UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION

SHERON B. DOSS,                    )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )    No. 3:15-cv-00904
                                   )    Judge Trauger/Bryant
NORDSTROM, INC, N.A., et al.,      )    Jury Demand
                                   )
     Defendant.                    )
```

**TO: The Honorable Aleta A. Trauger, District Court Judge**

<u>**REPORT AND RECOMMENDATION**</u>

Defendants Nordstrom, Inc. ("Nordstrom") and Blake Nordstrom, individually and in his capacity as C.E.O., Trevor Cobb, individually and in his capacity as Store Manager, Nichole M. Dingman, individually and in her capacity as Human Resources Manager, and Lauren Luettke, individually and in her capacity as Department Manager (individual defendants collectively "Nordstrom Personnel") (Nordstrom Personnel and Nordstrom collectively "defendants") have filed their motion to dismiss, or in the alternative, to stay the proceedings and compel arbitration. (Docket Entry No. 18). Plaintiff Sharon B. Doss, who is proceeding <u>pro se</u>, filed a response in opposition (Docket Entry Nos. 22 and 23) to which defendants filed a reply (Docket Entry No. 29).

This motion has been referred to the undersigned Magistrate Judge for report and recommendation ("R&R"). (Docket Entry No. 4).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that the defendant's motion to dismiss proceedings and compel arbitration be **GRANTED,** and that the parties be **ORDERED** to arbitrate their dispute in accordance with their agreement to

arbitrate; that the complaint be **DISMISSED;** and that all other pending motions be **TERMINATED AS MOOT.**

## Statement of the Case

Proceeding pro se, plaintiff filed her complaint alleging Title VII and ADEA employment discrimination based upon race and age, breach of contract, and actions of retaliation. (Docket Entry No. 1, p. 1). Plaintiff, who is a female African-American, was hired by Nordstrom on March 10, 2015, to work at a Nordstrom store in Nashville, Tennessee. (Id. at p. 3). At the time of hire, plaintiff was sixty-two (62) years of age. (Id.) Plaintiff alleges that she was hired as a full time sales associate. (Id.)

During the hiring process, plaintiff signed a Nordstrom Dispute Resolution Agreement ("NDRA") on March 8, 2015. (Docket Entry No. 20, ¶ 12, Exhibit E). The NDRA was laid out on separate pages and required plaintiff to click "continue" on each page in order to advance to the next page. (Id. at ¶ 11). Additionally, plaintiff was allowed to print each page of the NDRA. (Id.) In pertinent part, the agreement stated:

> This Dispute Resolution Agreement ("Agreement") is governed by the Federal Arbitration Act, 9 U.S.C. § et seq. and evidences a transaction involving commerce. This Agreement applies to any disputes arising out of or related to your application for employment with Nordstrom or one of its affiliates, subsidiaries or parent companies ("Nordstrom"), your employment with Nordstrom or the termination of your employment. The Agreement applies to any such disputes even if they are brought by your parents, guardians, assigns, beneficiaries, spouse, children or heirs on your behalf.

(Id. at Exhibit D). Plaintiff signed Nordstrom's "Employee Acknowledgement and Agreement Form" confirming that she received,

reviewed, and agreed to the NDRA. (Id. at Exhibit G). Plaintiff has never denied signing the agreement. (Docket Entry No. 22, p. 3).

During plaintiff's period of employment as an entry level salesperson at Nordstrom, plaintiff claims a number of occasions of race and age discrimination. (Docket Entry No. 1). Plaintiff submitted a formal complaint with defendant Cobb, met with defendant Cobb and defendant Dingman separately, and was told that the events of her complaint were of concern and would be investigated. (Docket Entry No. 1, p. 20). Ultimately, on June 9, 2015 plaintiff resigned. (Id. at p. 22). Having received a notice of right to sue (Id. at Exhibit 9) issued by the EEOC, Plaintiff filed her complaint against defendants on August 19, 2015 in this court. (Id. at p.23).

Pursuant to the agreed upon NDRA, defendant argues that plaintiff is bound to arbitrate all of her claims rather than proceeding through the courts. (Docket Entry No. 19, p. 1). On the other hand, plaintiff argues that "the contract for employment contained an arbitration agreement," and "the breach of contract involves the entire contract, of which the arbitration agreement was a part, making such breach would invalid [sic] the arbitration agreement." (Docket Entry No. 22, p. 1).

Plaintiff contends that defendant breached the contract in two ways: first, by breaching one of the key factors for the formation of the contract, number of work hours, when defendant reduced plaintiff's work hours without notice to plaintiff; and second, by failing to

comply with the internal review process of the NDRA. (Docket Entry No. 22, pp. 2, 4-5, Exhibit A).

Next, plaintiff claims that the contract is unenforceable because it is "unconscionable and basically an adhesion contract." (Docket Entry No. 23, p. 5). Plaintiff contends that because she was never afforded an opportunity to opt-out of the NDRA and signing the NDRA was a condition of employment on a "take it or leave it basis", the contract is in and of itself unconscionable. (Id.) In sum, plaintiff states that she only had one meaningful choice: to sign the NDRA in fear of otherwise losing the job. (Id. at pp. 6-7).

Plaintiff seeks that this Court award actual damages of $9,600 and exemplary damages of $300,000 for the failure to investigate and the failure to prevent harm. (Docket Entry No. 1, pp. 26-27). Further, plaintiff seeks to have defendant amend plaintiff's internal work records and cover plaintiff's court costs and any other court related fees. (Id. at p. 27). Additionally, plaintiff seeks that this Court award her any other or further and different relief to which she may be entitled. (Id.)

Plaintiff brings claims against Nordstrom Personnel in their individual capacity according to the legal doctrines of respondeat superior and vicarious liability. (Docket Entry No. 22, p. 7). Plaintiff maintains that "all direct defendants were in fact personnel of the corporation defendant and served as agents of Defendant Corporation." (Id.)

**Conclusions of Law**

The Defendant's Motions

Nordstrom. Nordstrom moves to dismiss (or alternatively, to stay) the proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (2011) ("FAA"), and to compel arbitration. Nordstrom moves to dismiss on the legal grounds that plaintiff is bound by a contractual obligation to arbitrate as laid out in the NDRA. Nordstrom maintains that plaintiff cannot pursue her Title VII and ADEA claims related to her employment other than through arbitration.

Nordstrom Personnel. Nordstrom Personnel move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Nordstrom Personnel argue that under Title VII and the ADEA, liability attaches only to the "employer" and therefore Nordstrom Personnel may not be held individually liable because they are not plaintiff's "employer" as defined by those statutes.

Standard of Review

The Federal Arbitration Act ("FAA"), enacted by Congress in 1925, is the governing source for arbitration of conflicts in interstate or foreign commerce. 9 U.S.C. § 1 *et seq.* "The Sixth Circuit has repeatedly applied the FAA to arbitration agreements formed in the employment setting." Walker v. Ryan's Family Steak Houses, Inc., 400 F.3d 370, 376 (6th Cir. 2005). Therefore, the initial issue before this Court is governed by the FAA.

5

According to the FAA, federal courts examining contracts that contain arbitration clauses "are to examine the language of the contract in light of the strong federal presumption in favor of arbitration." Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000). Likewise, any ambiguities or doubts as to the parties' intentions should be resolved in favor of arbitration. Id. Furthermore, the FAA directs that arbitration agreements may be declared unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citing 9 U.S.C. § 2). Therefore, agreements to arbitrate may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." Id. (citing Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996)).

The party opposing arbitration, the plaintiff in this case, has the burden of proving that there exists a genuine issue of material fact regarding the validity of the arbitration agreement. Great Earth Companies v. Simons, 288 F.3d 878, 889 (6th Cir. 2002). Thus, as interpreted by the Sixth Circuit, defendant's motion to enforce the arbitration agreement is to be treated similarly to a motion for summary judgment.

In deciding Nordstrom Personnel's motion to dismiss claims against them in their individual capacity pursuant to Rule 12(b)(6), the court must construe the complaint in the plaintiff's favor, accept the factual allegations contained in the complaint as true, and determine whether the plaintiff's factual allegations present

"plausible" claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has further stated that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, pursuant to this authority, this Court must determine whether plaintiff Doss has stated a plausible claim with regard to holding Nordstrom Personnel individually liable.

## **Analysis**

Arbitration Agreement/ The Federal Arbitration Act

The Sixth Circuit applies a four-pronged test to determine whether to grant motions to dismiss or stay the proceedings and compel arbitration:

> (1) The Court must determine whether the parties agreed to arbitrate;
> (2) The Court must determine the scope of that agreement;
> (3) If federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable; and
> (4) If the Court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

Glazer v. Lehman Bros., Inc., 394 F.3d 444, 451 (6th Cir. 2005) (quoting Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000)).

In deciding whether to compel arbitration, as directed by the NDRA, this court must, according to the above authority, first determine whether there was such an agreement. Seeing as arbitration agreements are matters of contract, we review the enforceability of an arbitration agreement according to the applicable state law of

7

contract formation. <u>Seawright v. Am. Gen. Fin. Servs., Inc.</u>, 507 F.3d 967, 972 (6th Cir. 2007). In Tennessee, "an enforceable contract must result from a meeting of the minds in mutual asset to terms, must be based upon sufficient consideration, must be free from fraud or undue influence, not against public policy and must be sufficiently definite to be enforced." <u>Sellers v. Macy's Retail Holdings, Inc.</u>, 2014 WL 2826119, at *7 (W.D. Tenn. June 23, 2014). Furthermore, this court applies "the cardinal rule that, in the absence of fraud or willful deceit, one who signs a contract which he has had an opportunity to read and understand, is bound by its provisions." <u>Allied Steel and Conveyers, Inc. v. Ford Motor Co.</u>, 277 F.2d 907, 913 (6th Cir. 1960). <u>See also</u> <u>Stout</u>, 228 F.3d at 715.

Both parties agree that there existed an agreement to arbitrate known as the NDRA. However, they disagree about whether the NDRA is still valid. Plaintiff argues that the NDRA is no longer valid because it was an unconscionable contract of adhesion, thereby rendering it unenforceable. (Docket Entry No. 23, p. 6). Plaintiff does not argue that there was fraud. Defendant contends first that any question of a breach of contract is a matter for arbitration and second that plaintiff has failed to establish under well-settled Tennessee law that the NDRA was unconscionable or an adhesion contract. (Docket Entry No. 29, p. 1). However, defendant is correct in the first instance: the validity of the contract as a whole is for the arbitrator to determine, and so a federal court is not to address whether the entire contract is void or voidable before upholding an

arbitration provision under the FAA. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006). See also Healthcare Management Systems, Inc. v. Syntel Ltd., 2013 WL 3834043 at *2 (M.D. Tenn. July 24, 2013). Ultimately, any "doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration." Stout, 228 F.3d at 715.

Having decided that there existed an agreement to arbitrate, the Court must now determine whether plaintiff's claims against defendants fall within the scope of it. "In the Sixth Circuit, the test for determining whether a dispute falls within the scope of a broad arbitration clause is if 'an action can be maintained without reference to the contract or relationship at issue, the action is likely outside the scope of the arbitration agreement – along with the presumption in favor of arbitrability and the intent of the parties.'" Dillard v. Signature Healthcare Fentress County, 2015 WL 5320544, at *7 (M.D. Tenn. Sept. 11, 2015) (quoting NCR Corp v. Korala Assocs., Ltd., 512 F.3d 807, 814 (6th Cir. 2008)). Furthermore, when addressing an agreement that contains a broadly-worded arbitration clause, "there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id. at *4 (citing Huffman v. Hilltop Companies, LLC, 747 F.3d 391, 395 (6th Cir. 2014)).

Here, plaintiff has not argued that her claims are outside the scope of the agreement. The plain language of the NDRA clearly encompasses any disputes arising out of plaintiff's employment with Nordstrom. Ultimately, the undersigned finds the NDRA is a broad provision, as it compels arbitration of "any disputes arising out of or related to your application for employment with Nordstrom or one of its affiliates, subsidiaries or parent companies ("Nordstrom"), your employment with Nordstrom or the termination of your employment." (Docket Entry No. 19, p. 11). Plaintiff has failed to persuade the undersigned that her claims are not within the substantive scope of the NDRA.

Plaintiff has asserted federal statutory claims pursuant to Title VII and the ADEA. Therefore, the Court must consider whether Congress intended those claims to be non-arbitrable. Within the Sixth Circuit, it is well settled that Congress did not intend to exclude Title VII claims from arbitration. See Willis v. Dean Witter Reynolds, Inc., 948 F.2d 305, 309-10 (6th Cir. 1991); see also Cooper v. MRM Inv. Co., 367 F.3d 493, 499 (6th Cir. 2004). Furthermore, the Supreme Court affirmed that claims brought under the ADEA are also subject to arbitration. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991).

Plaintiff has not argued that Congress intended to preclude arbitration of any of her claims. Therefore, any of plaintiff's disputes arising out of Title VII or ADEA discrimination are subject to the NDRA contract discussed previously and should not be further addressed by this court. This court's decision to resolve all Title

VII and ADEA claims by way of arbitration instead of through the courts does not in any way diminish plaintiff's statutory right to be free from workplace discrimination; it simply enforces the parties' agreement that plaintiff would pursue enforcement of her right through arbitration. See Gilmer, 500 U.S. at 26.

Lastly, in cases where all claims are referred to arbitration, the litigation may be dismissed rather than merely stayed. Ozormoor v. T-Mobile USA, Inc., 354 Fed. Appx. 972, 975 (6th Cir. 2009). Here, as discussed previously, all of the claims are within the scope of the arbitration agreement. Therefore, because the court is satisfied that all of plaintiff's claims are subject to arbitration, plaintiff's case should be dismissed rather than stayed pending arbitration.

Individual Liability

Plaintiff adamantly asserts that all defendants are plaintiff's employer and should therefore be held individually liable. (Docket Entry No. 22, p. 7). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees [...] and any agent of such a person." 42 U.S.C. § 2000e(b). With regards to Title VII and the ADEA, it is well established that liability attaches only to an "employer" in employment discrimination cases. See Wathen v. General Elec. Co., 115 F.3d 400, 404-05 (6th Cir. 1997). Therefore, an individual employee or supervisor who does not qualify as an "employer" may not be held personally liable under Title VII or the ADEA. See id. at 403-04 (finding that through an examination of the statutory scheme and remedial provisions of Title

11

VII, Congress did not intend to provide for individual employee/supervisor liability under Title VII or similar statutory schemes).

Plaintiff seeks to hold Nordstrom Personnel individually liable. In her response, plaintiff states, "even if statutory provisions define otherwise, to say Nordstrom personnel were not [p]laintiff's employer is totally false". (Docket Entry No. 22, p. 7). However, plaintiff seeks to contradict well established Sixth Circuit law. The controlling precedent cited above directs the recommendation that plaintiff's Title VII and ADEA claims against the Nordstrom Personnel be dismissed.

For the above reasons, the undersigned Magistrate Judge finds (1) that the parties have executed a valid arbitration agreement; (2) that plaintiff's employment discrimination claims fall within the scope of the arbitration provision; and (3) that both the Title VII and ADEA discrimination claims of plaintiff Doss are generally subject to arbitration. Thus, plaintiff has failed to prove that there is a genuine issue of material fact regarding the validity of the arbitration agreement. Further, plaintiff has also failed to state a plausible claim with regards to holding Nordstrom Personnel liable.

## Recommendation

In light of the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the defendant's motion to compel arbitration be **GRANTED**, and that the parties be **ORDERED** to arbitrate their dispute in

accordance with their agreement to arbitrate; that the complaint be **DISMISSED**; and that all other pending motions be **TERMINATED AS MOOT**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this R&R in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed to this R&R in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R can constitute a waiver of further appeal of this R&R. Thomas v. Arn, 474 U.S. 140 (1985).

**ENTERED** this 15th day of August, 2016.

_s/John S. Bryant_____
JOHN S. BRYANT
United States Magistrate Judge